UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────

KHA'SUN CREATOR ALLAH,

                       Plaintiff,                        Case # 16-CV-177-FPG

v.                                            DECISION AND ORDER

PAUL PICCOLO, et al.,

                       Defendants.

───────────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff Kha'Sun Creator Allah, a prisoner confined at Elmira Correctional Facility, filed this action seeking relief under 42 U.S.C. § 1983. ECF No. 1. Plaintiff alleged that Elmira's policies exposed him to inclement weather, denied him "winter clothing," and created a risk to his health. ECF No. 1 at 10. Plaintiff also moved for a preliminary injunction and temporary restraining order[1] to prohibit Defendants from enforcing Elmira's rules concerning proper attire, because Defendants were allegedly forcing him "to go outside in sub-freezing temperatures" with inadequate protection from the elements. ECF No. 3 at 10. The Court denied Plaintiff's request for a preliminary injunction as moot because he had been transferred from Elmira to another prison facility. ECF No. 13.

Currently before the Court is Plaintiff's Motion to Reconsider the denial of the preliminary injunction because Plaintiff returned to Elmira and is presently incarcerated there. ECF No. 19.

───────────────────────────────────

[1] Plaintiff's original application sought a temporary restraining order without notice to Defendants. *See* Fed. R. Civ. P. Rule 65(b)(1). Plaintiff's current application is on notice to Defendants, and therefore the Court reviews this application as a Motion for a Preliminary Injunction. *See* Fed. R. Civ. P. Rule 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party."). The Court's ruling would be the same without regard to the form of the preliminary injunctive relief sought, because "[t]he standard for an entry of a TRO is essentially the same as for a preliminary injunction." *Free Country Ltd. v. Drennen*, 235 F. Supp. 3d 559, 565 (S.D.N.Y. 2016).

Defendants oppose the Motion. ECF No. 21. For the reasons that follow, Plaintiff's Motion for Reconsideration (ECF No. 19) is DENIED.

## DISCUSSION

### I. Motion for Reconsideration

Federal Rule of Civil Procedure 60 governs relief from a court judgment or order. Fed. R. Civ. P. 60. The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc.*, 684 F.3d at 52 (citation omitted). Accordingly, a party may not merely offer the same "arguments already briefed, considered and decided" or "advance new facts, issues or arguments not previously presented to the Court." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990).

Because the circumstances have changed and Plaintiff returned to Elmira, the Court will reconsider whether a preliminary injunction is appropriate in this case.

### II. Preliminary Injunction

In general, the district court may grant a preliminary injunction if the moving party establishes (1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b)

sufficiently serious questions going to the merits of the claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party. *Plaza Health Labs., Inc. v. Perales*, 878 F.2d 577, 580 (2d Cir. 1989). "Where the moving party seeks to stay government action taken in the public interest pursuant to a statutory or regulatory scheme, the district court should not apply the less rigorous fair-ground-for-litigation standard and should not grant the injunction unless the moving party establishes, along with irreparable injury, a likelihood that he will succeed on the merits of his claim." *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008); *see also Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996).

"A preliminary injunction is considered an 'extraordinary remedy that should not be granted as a routine matter." *Distribution Sys. of Am., Inc. v. Vill. of Old Westbury*, 785 F. Supp. 347, 352 (E.D.N.Y. 1992) (quoting *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir. 1990)). The mere possibility of harm is insufficient to justify granting a preliminary injunction. *See, e.g.*, *Borey v. Nat'l Union Fire Ins. Co.*, 934 F.2d 30, 34 (2d Cir. 1991); *Distribution Sys. of Am., Inc.* 785 F. Supp. at 352; *Costello v. McEnery*, 767 F. Supp. 72, 76 (S.D.N.Y. 1991). To satisfy the irreparable harm requirement, a movant generally must show that he is "likely to suffer irreparable injury if the injunction is not granted," *Beal v. Stern*, 184 F.3d 117, 122 (2d Cir. 1999), and that the harm is "not remote and speculative" but rather "actual and imminent." *State of New York v. Nuclear Regulatory Comm'n*, 550 F.2d 745, 755 (2d Cir. 1977).

Plaintiff's papers do not establish that irreparable harm is actual and imminent. Although Plaintiff returned to Elmira and is currently incarcerated there, it is late-May and the likelihood of harm from sub-freezing temperatures is remote and speculative. Even if potential harm were imminent, Plaintiff's papers do not establish the requisite likelihood of success on the merits. Accordingly, a preliminary injunction is unwarranted in this case.

## CONCLUSION

Plaintiff's Motion for Reconsideration (ECF No. 19) is DENIED.

IT IS SO ORDERED.

Dated: May 25, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court